UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYCE ALBE-QUENZER,<br><br>    Plaintiff,<br><br>    v.<br><br>JONATHAN DAVIS, et al.,<br><br>    Defendants. | Case No.: 1:14-cv-01399 - LJO - JLT<br><br>FINDINGS AND RECOMMENDATIONS DENYING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS AND DISMISSING COMPLAINT WITHOUT LEAVE TO AMEND<br><br>(Docs. 1 and 3) |

Bryce Albe-Quenzer ("Plaintiff") seeks to proceed *in forma pauperis* and *pro se* with a civil action initiated on September 8, 2014. (Docs. 1-3). Plaintiff asserts Defendants Jonathan Davis, Richard Arvizu, Brian Welch, Don Gilmore, and the United States are liable under a "Deprivation of Rights Under Color of Law" pursuant to 18 U.S.C. § 242. (Doc. 1 at 2.) Because Plaintiff fails to state a claim upon which relief may be granted, the Court recommends Plaintiff's motion to proceed *in forma pauperis* be **DENIED** and the complaint **DISMISSED** without leave to amend.

**I.    MOTION TO PROCEED IN FORMA PAUPERIS**

As a general rule, all parties instituting any civil action, suit or proceeding in a United States District Court must pay a filing fee. 28 U.S.C. § 1914(a). However, the Court may authorize the commencement of an action "without prepayment of fees and costs of security therefor, by a person who submits an affidavit that . . . the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Therefore, an action may proceed despite a failure to prepay the filing fee only if

1

leave to proceed *in forma pauperis* ("IFP") is granted by the Court. *See Rodriguez v. Cook*, 169 F.3d 1178, 1177 (9th Cir. 1999).

The Ninth Circuit has held "permission to proceed in forma pauperis is itself a matter of privilege and not a right; denial of an informa pauperis status does not violate the applicant's right to due process." *Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) (citing *Weller v. Dickson*, 314 F.2d 598, 600 (9th Cir. 1963)). In addition, the Court has broad discretion to grant or deny a motion to proceed IFP. *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990); *Weller, 314 F.2d at 600-01*. In making a determination, the court "must be careful to avoid construing the statute so narrowly that a litigant is presented with a Hobson's choice between eschewing a potentially meritorious claim or foregoing life's plain necessities." *Temple v. Ellerthorpe*, 586 F.Supp. 848, 850 (D.R.I. 1984).

Here, the Court recommends Plaintiff's motion to proceed IFP be denied because, as discussed below, the complaint fails to state a meritorious claim upon which relief may be granted by the Court. *See* 28 U.S.C. § 1915(e)(2).

## II.     SCREENING REQUIREMENT

When an individual seeks to proceed *in forma pauperis*, the Court is required to review the complaint and identify "cognizable claims." *See* 28 U.S.C § 1915(a)-(b). The Court must dismiss a complaint, or portion of the complaint, if it is "frivolous, malicious or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2). A claim is frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

## III.    PLEADING STANDARDS

General rules for pleading complaints are governed by the Federal Rules of Civil Procedure. A pleading stating a claim for relief must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a). The Federal Rules adopt a flexible pleading policy, and *pro se* pleadings are held to "less stringent standards" than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 521-21 (1972).

1  A complaint must give fair notice and state the elements of the plaintiff's claim in a plain and
2  succinct manner. *Jones v. Cmty Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984). The
3  purpose of the complaint is to give the defendant fair notice of the claims against him, and the grounds
4  upon which the complaint stands. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). The
5  Supreme Court noted,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks and citations omitted). Conclusory and vague allegations do not support a cause of action. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). When factual allegations are well-pled, a court should assume their truth and determine whether the facts would make the plaintiff entitled to relief; conclusions in the pleading are not entitled to the same assumption of truth. *Iqbal*, 129 S. Ct. at 1949. The Court may grant leave to amend a complaint to the extent that deficiencies of the complaint can be cured by an amendment. *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

**IV.  DISCUSSION AND ANALYSIS**

Plaintiff asserts the defendants, which include members of the band Korn and one of their producers, are liable under 18 U.S.C. § 242 for the "Deprivation of Rights Under Color of Law." (Doc. 1 at 2.) Plaintiff appears to assert that lyrics from the album "Paradigm Shift" are directed directly toward Plaintiff and demonstrate the band members' "participation in multiple and criminally liable behaviors," including the interrogation of Plaintiff, interference with relationships, and "[a]wareness or participation and neglect to [effectuate] a plot to kill [Plaintiff]." (*Id.* at 1-2.)

Significantly, when a criminal statute such as 18 U.S.C. § 242 is violated, the question of whether to prosecute is a matter of a prosecutor's discretion, and is not a matter for the Court. *See United States v. Batchelder*, 442 U.S. 114, 124 (1979). Criminal statutes do not provide a private cause of action or a basis for a civil lawsuit such as Plaintiff attempts to bring with the filing of the complaint now before the Court. *See, e.g., Allen v. Gold Country Casino*, 464 F.3d 1044, 1048 (9th Cir. 2006) (affirming the dismissal of a plaintiff's claims under 18 U.S.C. §§ 241 and 242 because the

3

they "are criminal statutes that do not give rise to civil liability"); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir.1980) (finding 18 U.S.C. §§ 241 and 242 provide no private right of action and cannot form basis for civil suit); *Pawelek v. Paramount Studios Corp.*, 571 F.Supp. 1082, 1083 (N.D. Ill. 1983) (no private cause of action inherent in federal criminal statutes defining civil rights violations). Because there is no private right of action under 18 U.S.C. § 242, Plaintiff has failed to state a cognizable claim upon which relief may be granted.

## V. FINDINGS AND RECOMMENDATIONS

Plaintiff fails to state a claim upon which relief can be granted. Based upon the outlandish allegations set forth in the Complaint, it does not appear the deficiencies can be cured by amendment. Because leave to amend would be futile, Plaintiff should not be given leave to amend his complaint. *See Lopez*, 203 F.3d at 1130 (requiring leave to be granted to the extent deficiencies can be cured by amendment).

Accordingly, **IT IS HEREBY RECOMMENDED**:

1. Plaintiff's motion to proceed *in forma pauperis* (Doc. 3) be **DENIED**; and
2. Plaintiff's complaint be **DISMISSED** without leave to amend.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fourteen days after being served with these findings and recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:  **September 11, 2014**          **/s/ Jennifer L. Thurston**
                                         UNITED STATES MAGISTRATE JUDGE